UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12250-RGS

CURVES INTERNATIONAL, INC.

v.

VIRGINIA CHATTLEY FOX

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF

May 9, 2013

STEARNS, D.J.

Plaintiff Curves International, Inc. (Curves) brought this lawsuit against its former franchisee Virginia Chattley Fox (Fox) a/k/a Cheryl Springsteen[1], alleging breach of contract, including breach of a non-competition provision; misappropriation of trade secrets; trademark infringement, 15 U.S.C. § 1114; unfair competition, 15 U.S.C. § 1125(a); and trademark dilution, 15 U.S.C. § 1125(c). Curves now moves to enjoin Fox from using Curves' trademarks. Curves also seeks the return of its proprietary materials, and an order directing Fox to comply with the non-competition

---

[1] Curves also occasionally refers to defendant as Victoria (as opposed to Virginia) Chattley Fox. The court assumes this is an innocent oversight.

provision of the Franchise Agreement.[2]

## BACKGROUND

Because Fox has failed to oppose Curves' motion for injunctive relief, the court considers the motion on the facts presented by Curves. *See Perez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533-534 (1st Cir. 2006).[3] Curves is a franchisor of fitness centers located throughout the United States. Each franchise offers fitness and weight-loss services to women under a proprietary business model, the hallmark of which is a thirty-minute fitness program. Franchisees also receive a license to use Curves' federally-registered trademarks, including "Curves," "Curves for Women," and "30 minute fitness and weight loss center."

On November 2, 2006, Fox entered into a Franchise Agreement with Curves that permitted her to operate a Curves fitness center in Chelmsford, Massachusetts for a period of five years. The Agreement specified that the Curves trademarks belonged solely to Curves and that Fox's license to use the marks was contingent upon her

---

[2] Curves asks for "injunctive relief in the form of a temporary restraining order . . . ." The motion is properly construed as one for a preliminary injunction, as Curves is seeking relief for more than a limited duration and the motion was not presented *ex parte*.

[3] As Fox has failed to respond to the complaint or motion for injunctive relief, there are no facts in dispute and scheduling an evidentiary hearing would be futile. *See Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995).

compliance with the contract terms. Upon expiration of the Agreement Fox was required to cease using Curves' marks and return all franchise materials to Curves. The Franchise Agreement also contained a non-compete provision prohibiting Fox from engaging in any similar business within ten miles of her former facility or any other franchise location for a period of one year.

Neither Fox nor Curves opted to renew the Franchise Agreement and it expired on November 2, 2011. Fox, however, has continued to operate a Curves fitness center at the same location as her formerly approved franchise facility. On May 11, 2012, Curves sent Fox a cease and desist letter demanding that she stop using Curves' trademarks and otherwise comply with the non-compete provision of the Franchise Agreement. Fox, however, has refused to comply.

## DISCUSSION

The court considers four factors in determining whether a preliminary injunction should issue: "1) a likelihood of success on the merits, 2) irreparable harm to the plaintiff should preliminary relief not be granted, 3) whether the harm to the defendant from granting the preliminary relief exceeds the harm to the plaintiff from denying it, and 4) the effect of the preliminary injunction on the public interest." *Naser Jewelers, Inc. v. City of Concord, N.H.*, 513 F.3d 27, 32 (1st Cir. 2008) (internal quotations and citation omitted). The movant's "likelihood of success is the main bearing wall of the

four-factor framework." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996).

To prevail on a claim for trademark infringement, Curves must demonstrate: (1) that it is the owner of a distinctive mark entitled to trademark protection; and (2) that Fox's use of a similar mark is likely to cause consumer confusion. *See DeCosta v. Viacom Int'l Inc.*, 981 F.2d 602, 605 (1st Cir. 1992). Curves has a valid trademark. *See* Compl. Ex. A. Fox's continued use of this trademark beyond the expiration of her license is without doubt likely to sow consumer confusion. It is unnecessary to wade individually through the eight factors informing a "likelihood of confusion" analysis[4] here, where a franchisee has persisted in unauthorized use of her former franchisor's trademark to operate a business identical to that of her formerly licensed franchise. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) ("Once a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark under the Lanham Act. Thus, [movant] will merit preliminary injunctive relief if it can adduce sufficient facts indicating that its termination of [defendant's]

---

[4] The eight factors are: "(1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark. *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 29 (1st Cir. 1989) (citation omitted).

franchise[] was proper."). In light of the uncontested facts, it is extremely likely that Curves' trademark infringement claim will succeed on the merits.

Curves has also demonstrated a strong likelihood that it will prevail on its breach of contract claims, including breach of the non-compete provision of the Franchise Agreement. In Massachusetts, a covenant not to compete is enforceable if it is "necessary to protect a legitimate business interest, reasonably limited in time and space, and consonant with the public interest." *Boulanger v. Dunkin' Donuts Inc.*, 442 Mass. 635, 639 (2004). The one-year restraint on Fox's operation of a fitness facility within ten miles of a Curves location is geographically and temporally reasonable. Indeed, Fox acknowledged as much in the Franchise Agreement. As the non-compete agreement is necessary to protect Curves' business of selling fitness franchises, it is enforceable.

Because Curves has demonstrated that it is likely to succeed in establishing trademark infringement, it is presumed that Fox's operation of a rogue Curves fitness facility will cause irreparable harm to Curves unless injunctive relief is granted. *See I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 33 (1st Cir. 1998) (irreparable harm may be assumed if trademark holder shows an infringement claim is likely to succeed). Moreover, Curves suffers harm to its goodwill and reputation, and is unable to protect its other franchisees from the actions of Fox while she holds herself out to be a

legitimate Curves franchisee. *See K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir. 1989) ("[H]arm to goodwill, like harm to reputation, is the type of harm not readily measurable or fully compensable in damages – and for that reason, more likely to be found 'irreparable.'").

The last two factors to be considered in awarding a preliminary injunction also favor granting relief.  Any hardship Fox suffers upon the issuance of an injunction was precipitated by her own breach of the Franchise Agreement.  An injunction will merely force Fox to comply with her contractual obligations: refraining from using the Curves marks, returning Curves' confidential business information, and operating a new gym ten miles away from her former franchisor's locations (or, in the alternative, waiting one year to resume business at her current location).  The balance of harms weighs in favor of Curves.  *See also Robert J. Fritz, DMA, Inc. v. Arthur D. Little, Inc.*, 944 F. Supp. 95, 97-98 (D. Mass. 1996) ("Harm to the defendant flowing from an injunction where infringement appears likely is entitled to less consideration than other harms.").  Finally, "[i]n copyright and trademark cases, the public interest almost always favors the granting of otherwise appropriate injunctions." *Id.* at 97.

## ORDER

For the foregoing reasons, the court hereby <u>ORDERS</u> Fox to:

1. Immediately cease operation of a fitness center using and/or displaying

Curves' federally registered marks;

2. Immediately cease use of Curves' trademarks or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan, or symbol used in connection with the Curves business system or any Curves franchise including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof which is likely to cause confusion or mistake or deceive the public;

3. Return to Curves, at her own expense, all printed material furnished by Curves to Fox, including without limitation, all Curves manuals, advertising material, stationary, printed forms, and all other materials relating to the operation of Fox's Curves franchise and/or bearing any Curves mark or trademark;

4. Immediately cease maintenance, ownership, or any interest in any business which sells products or services similar to those sold as part of the Curves franchise system within ten miles of Fox's formerly authorized Curves franchise location for a period of one year following the date on which this Order is entered;

5. Immediately cease employment or seeking to employ any person who is employed by Curves or any other Curves franchisee, or otherwise inducing or seeking to induce such person to leave his or her employment;

6. Immediately cease use of any confidential information from Curves' manuals or system in any similar business to that licensed and established under and pursuant

to the Franchise Agreement governing Fox's operation of a Curves franchise in Chelmsford, Massachusetts; and

    7. Immediately cease diverting or attempting to divert any customer or business from Curves, or soliciting or endeavoring to obtain the business of any person who shall have been a customer of Fox's formerly authorized franchise.

    The court declines to order the posting of a bond by Curves.

                            SO ORDERED.

                            /s/ Richard G. Stearns

                            _____
                            UNITED STATES DISTRICT JUDGE